# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 03cr2434 JM |
| | CIVIL NO. 12cv0336 |
| Plaintiff, | |
| vs. | ORDER DENYING MOTION BROUGHT PURSUANT TO 28 U.S.C. §2255; DENYING CERTIFICATE OF APPEALABILITY |
| RALPH INZUNZA, | |
| Defendant. | |

Following a jury trial, on July 18, 2005 Defendant Ralph Inzunza ("Defendant") was convicted of one count of conspiracy to commit honest services wire fraud in violation of 18 U.S.C. §371, nine counts of honest services wire fraud in violation of 18 U.S.C. §§1343 and 1346, and three counts of extortion in violation of the Hobbs Act, 18 U.S.C. §§1951-1952. The background and previous legal arguments of the parties have been extensively addressed by this court and the Ninth Circuit. Because the parties are familiar with those orders, the court incorporates its previous orders (Ct. Dkts. 97, 209, 294, 295, 296, 551, 647) and those of the Ninth Circuit United States v. Inzunza, 580 F.2d 894 (9th Cir. 2009), opinion amended on den. of reh. en banc, 638 F.3d 1006 (9th Cir. 2011).

Defendant moves to set aside, modify, or correct his sentence pursuant to 28 U.S.C. §2255 (the "Motion"). Defendant argues that his constitutional rights were violated when the court failed to compel immunity for co-defendant Lance Malone. He also argues that the court should reconsider and reduce his 21 month custodial sentence. The Government opposes the Motion.

Pursuant to Local Rule 7.1(d)(1), the court finds this matter appropriate for decision without oral argument. For the reasons set forth below, the court denies the Motion in its entirety and denies a certificate of appealability pursuant to 28 U.S.C. §2253.

**DISCUSSION**

**Procedural Default**

The court concludes that the claims raised are procedurally defaulted. Claims that could have been raised on appeal, but were not, are procedurally defaulted. Bousley v. United States, 523 U.S. 614, 621-22 (1998) (habeas review is an extraordinary remedy and will not be allowed to substitute for an appeal). A review of the record reveals that Defendant did not raise his claims on appeal with sufficient clarity to avoid procedural default.

The primary argument raised by Defendant in his Motion is that the failure to grant immunity to Malone so distorted the fact-finding process as to violate his due process rights to a fundamentally fair trial. See United States v. Straub, 538 F.3d 1147 (9th cir. 2008); United States v. Wilkes, 662 F.3d 524 (9th Cir. 2011); Williams v. Woodford, 384 F.3d 567 (9th Cir. 2004). Defendant refers to pages 42-53 of his opening brief, (Reply Exh. A), to support his argument. However, the referred-to section of the brief addresses the alleged use of perjured testimony (Galardi's testimony concerning a $10,000 cash payment to the councilmen) and is entitled:

> A NEW TRIAL IS REQUIRED UNDER *BOWIE* AND *MORRIS* BECAUSE THE GOVERNMENT WAS COMPLICIT IN THE SUSPECTED PERJURY OF ITS STAR COOPERATING WITNESS

The brief then focuses its argument on perjury-related issues. The use of perjured testimony under Bowie is not the issue raised by Defendant in the present Motion.

The court notes, in connection with Defendant's motion to sever, that he argued that Malone would provide exculpatory evidence at his trial. (Ct. Dkt. 309). In a declaration, Malone indicated that he would provide such testimony provided that his trial was severed from Defendant's trial, Inzunza was tried first, and Malone received use immunity for his testimony. Unless these conditions were met, Malone indicated that he would invoke his Fifth Amendment right not to testify. (Id.; Exh. A). Further, at the time of oral argument on the motion to sever, Defendant represented that "if the severance were granted, we would have to move this Court for use immunity for Mr. Malone; I know

the Government would not make that motion, but it is something we could do." (Hrg. On Mot., 4/20/05, TR at 96-97). Accordingly, Defendant was aware that he could move to compel use immunity to obtain Malone's testimony. Following trial, Defendant did not raise the issue of immunity in his motion for acquittal and for new trial, (Ct. Dkt. 495), or on appeal. (Reply Exh. A).

In sum, the failure to fairly present the immunity issue in his direct appeal to the Ninth Circuit prevents this court from considering the issues presented unless Defendant establishes that cause and prejudice exists to excuse the procedural default. See Murray v. Carrier, 477 U.S. 478, 485 (1986).

Cause

Cause may be established by showing a claim is "so novel that its legal basis [wa]s not reasonably available to counsel." Reed v. Ross, 468 U.S. 1, 16 (1984). Defendant fails to meet this burden. The issue of compelled use immunity is not a novel one. As noted in Straub, the Ninth Circuit framed the issue of compelled use immunity in the following manner:

> This case requires us to clarify the standard by which we determine when a district court must compel the prosecution to grant use immunity, as most recently stated in Williams v. Woodford, 384 F.3d 567 (9th Cir. 2004).

538 F.3d at 1148. As Williams set forth a legal basis for compelled use immunity in 2004, such a legal basis was available to Defendant prior to the trial in this case. Accordingly, Defendant fails to establish cause to excuse the procedural default.

Prejudice

Even if Defendant could establish cause, he fails to establish prejudice. To establish prejudice, Defendant must not only show that the errors at trial "created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982).

Rather than rehash the extensive factual record of Defendant's guilt, and Galardi and Malone's credibility issues, the court incorporates the analysis set forth by the government in its opposition. (Oppo. at pp11:18-16:16). Accordingly, Defendant fails to establish the requisite prejudice required to set aside the procedural default.

In sum, the court finds that Defendant's claims are procedurally defaulted.

///

**The Alleged Straub Error**

Even if <u>Straub</u> applied under the present circumstances, Defendant would not be entitled to relief. Compelled use immunity is rarely appropriate and reserved for "exceptional cases." <u>Straub</u>, 538 F.3d at 1162. "[A] district court can compel a defense witness's immunity absent a finding of prosecutorial misconduct, where 'in exceptional cases, the fact-finding process may be so distorted through the prosecution's decisions to grant immunity to its own witness while denying immunity to a witness with directly contradictory testimony that the defendant's due process right to a fair trial is violated.'" <u>Wilkes</u>, 662 F.3d at 533 (quoting <u>Straub</u>, 538 F.3d at 1166). Here, not only did the Government not grant immunity to Galardi, but there is no evidence in the record to indicate that the Government sought to have Malone invoke the Fifth Amendment right against self incrimination with the purpose of distorting the fact finding process. As noted by the Government, there is simply no basis to apply the so-called <u>Straub</u> rule under the present circumstances.

In sum, even if <u>Straub</u> were to apply under the present circumstances, the court denies the motion.

**Cumulative Error**

Defendant contends that the alleged <u>Straub</u> error, in combination with the "say it ain't so" comment made during the Government's closing argument, warrants a new trial. The court denies the motion for a new trial because no so-called <u>Straub</u> error occurred.

**The Reduction in Sentence**

Defendant, without citation to any binding authority, requests that Defendant's sentence be reduced in light of the so-called <u>Straub</u> error and an alleged <u>Brady</u> error rejected both by this court and the Ninth Circuit. As no constitutional error occurred, there is no basis to resentence Defendant.

**Certificate of Appealability**

Upon review of the record, the court concludes that Defendant fails to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability. <u>See</u> 28 U.S.C. §2253(c)(2).

/ / /

/ / /

In sum, the court denies the Motion and declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

DATED: April 19, 2012

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All parties